CHARLES JAY and JUDITH ANN BROWN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brown v. Commissioner
Docket No. 10272-75.
United States Tax Court
T.C. Memo 1978-132; 1978 Tax Ct. Memo LEXIS 383; 37 T.C.M. (CCH) 571; T.C.M. (RIA) 780132; April 3, 1978, Filed Charles Jay Brown, pro se. Albert K. Kerkhove, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a deficiency of $135.43 in petitioners' Federal income tax for 1972. Because of concessions by petitioners, the sole issue for decision is whether petitioners are entitled under section 163 [1] to an interest deduction of $1,560 [2] for "points" in 1972. *384 FINDINGS OF FACT Some of the facts have been stipulated by the parties and are found accordingly. At the time they filed their petition, Charles Jay and Judith Ann Brown resided in Carlisle, Iowa. Judith is a party only by virtue of having filed a joint return for 1972 with her husband Charles. When we hereafter refer to petitioner, we will be referring to Charles. In December 1971 petitioner purchased a duplex. In order to finance this purchase, he obtained a loan from a savings and loan association in Des Moines. The "Loan Commitment and Disclosure Notice to Customer," ("Notice") which petitioner signed on November 12, 1971, indicates that the principal amount of the loan was $27,500. According to this Notice, prepaid finance charges of $2,200 (a service fee of $550 and a 6 percent seller's discount of $1,650) and other items (such as appraisal costs, title examination, etc.) totalling $155.25 were to be withheld by the lender from the principal amount, so that the net amount of the loan was to be $25,144.75. Petitioner was told that the 6 percent seller's discount was "points" which he had to pay to obtain the loan. Petitioner's loan account with the savings and *385 loan was activated on December 15, 1971. On that date he was credited with the loan of $27,500, a cash deposit of $15.50, and a "closing fee deposit" of $667.25. Simultaneously, this account was debited $550 for service fees, $1,650 for deferred service fees, and $125.75 for other costs. The "deferred service fees" were the "points" petitioner was told he had to pay. On his tax return for 1972, petitioner claimed deductions for interest paid on his mortgage in the amount of $693.32, other interest paid of $130.02, and "points" paid in the amount of $1,560. [3] In the statutory notice, respondent determined that petitioner was not entitled to the claimed deduction for "points." OPINION The sole issue for decision is whether petitioner is entitled to an interest deduction of $1,560 for "points" in 1972. Respondent's determination is based on two theories. Respondent contends, first, that petitioner has not established that he (petitioner) actually paid the "points"; rather, respondent contends that the "points" reduced the net amount of the mortgage loan obtained by petitioner. . *386 Alternatively, respondent contends that if petitioner "paid" the "points," he is not entitled to the claimed deduction in 1972 since the "points" were paid in 1971. Since the "points" were withheld from the net amount of petitioner's loan, rather than paid in cash from other sources, it is clear that petitioner may not deduct the full $1,650 (or $1,560) in the year in which the loan was taken out. For purposes of tax law, the "net amount" received after deduction of the points is the true amount borrowed. As and when the loan is repaid, the "points" become deductible as interest. Respondent must, therefore, allow to petitioner in 1972 such portion of the $1,560 deduction claimed as bears the same ratio to the $1,650 "points" as the amount of principal repaid in 1972 bears to $27,500. Having reached this resolution of the issue, we need not determine whether the money was borrowed in 1971 or 1972, for it would not matter. This would be the end of the matter except that it seems appropriate to add the postscript that this is the kind of case which it should never have been necessary to hear. The taxpayer, while confused and *387 in error, was clearly acting in good faith. He was in a very low marginal bracket in 1972 and his error resulted in a deficiency of only $135.43. In order to remedy petitioner's error, respondent must (or should) now allow petitioner to deduct the $1,650 ratably in all years in which portions of the loan were repaid. The mitigation provisions will apparently apply so that each year after 1972 will be open for this purpose. Section 1312(4). It seems probable, therefore, that $135.43 considerably overstates respondent's real proceeds of this determination, even before his administrative costs are considered. The case does not seem to have constituted an appropriate allocation of limited administrative or judicial resources. The Court urged that the case be settled rather than tried. It should have been. Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the year in issue. ↩
2. On their return petitioners claimed a deduction for "points" of only $1,560, while in fact the "deferred service fees" debited to the loan account were $1,650. These "deferred service fees" are the "points" which petitioners claimed as a deduction. The disparity is due to a mistake made by petitioners.↩
3. See note 2 supra↩.